NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued June 1, 2022
Decided June 9, 2022

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 21-3350

| | |
|---|---|
| CHRISTOPHER KELSO,<br> *Petitioner-Appellant*, | Appeal from the United States District Court for the Southern District of Indiana, Terre Haute Division. |
| *v.* | No. 2:17-cv-00035 |
| FRANCISCO J. QUINTANA,<br> *Respondent-Appellee*. | Jane Magnus Stinson,<br>*Judge*. |

**O R D E R**

In 2009 a jury in the Eastern District of Tennessee convicted Christopher Kelso on two conspiracy counts related to his involvement in a Knoxville-based drug distribution ring. Before trial the government invoked 21 U.S.C. § 851 and filed an information notifying Kelso that, based on his three prior felony convictions in Alabama state court for possessing crack cocaine, he would face a mandatory life sentence if convicted on the federal drug charge. See 21 U.S.C. § 841(b)(1)(A) (effective to Dec. 21, 2018). Following the jury's return of guilty verdicts, the district court imposed the mandatory life sentence. The Sixth Circuit affirmed on direct appeal.

Kelso then sought post-conviction relief under 28 U.S.C. § 2255, advancing various arguments about ineffective assistance of counsel at his trial. The parties completed briefing by early June 2014. The motion remained pending until November 2016, when the district court denied relief.

In 2019, and seeking another shot at relief, Kelso filed this 28 U.S.C. § 2241 petition in the Southern District of Indiana, where he was incarcerated at the time. Kelso argued that the Supreme Court's decision in *Mathis v. United States*, 579 U.S. 500 (2016), opened a second door to post-conviction relief by showing that his three Alabama felony drug convictions identified in the government's § 851 information no longer qualify as predicate offenses to support the mandatory life sentence. The district court disagreed, denied relief, and Kelso timely appealed.

Section 2255 limits the circumstances in which a federal prisoner can file a second or successive motion for post-conviction relief. See 28 U.S.C. § 2255(h) (permitting second or successive motions based on new evidence or new rules of constitutional law made retroactive to cases on collateral review by the Supreme Court). Not satisfying either exception in § 2255(h), Kelso sought to pursue relief under § 2241 by trying to show he satisfied the requirements of the so-called savings clause in § 2255(e). See *Chazen v. Marske*, 938 F.3d 851, 856 (7th Cir. 2019) (explaining the statutory scheme).

In our circuit, a petitioner seeking to pursue relief through the savings clause must show that (1) his claim relies on a case of statutory interpretation; (2) he could not have invoked the decision in his first § 2255 motion and the decision applies retroactively; and (3) the error is grave enough to be deemed a miscarriage of justice. See *In re Davenport*, 147 F.3d 605 (7th Cir. 1998); see also *Chazen*, 938 F.3d at 856. Without satisfying this three-part test, a petitioner cannot use the savings clause to pursue relief under § 2241.

The district court denied relief based on Kelso's failure to satisfy the third prong of the *Davenport* test. The court's analysis emphasized that the Sixth Circuit, Kelso's circuit of conviction, does not use a categorical approach in determining whether a federal defendant's earlier state convictions are qualifying predicate offenses under 28 U.S.C. § 841(b)(1), and so *Mathis* did not undermine Kelso's mandatory life sentence. On appeal Kelso contends that the district court committed legal error in relying on Sixth Circuit law to deny relief.

But we need not wade into the thorny, unresolved area of habeas choice-of-law determinations to resolve this appeal. See *Chazen*, 938 F.3d at 864 (Barrett, J., concurring). Kelso cannot seek relief under the savings clause because he cannot satisfy *Davenport*'s

second prong. The Supreme Court decided *Mathis* on June 23, 2016—at a time when Kelso's initial § 2255 motion remained pending before the district court in the Eastern District of Tennessee. Our review of the docket in that proceeding shows that Kelso neither sought leave to supplement his § 2255 motion in the five months between *Mathis*'s issuance and the district court's adjudication of his motion nor filed anything else to bring *Mathis* to the district court's attention. At oral argument, counsel was unable to identify any reason Kelso could not have done so. In these circumstances, Kelso cannot "establish[] that he was unable in his prior § 2255 proceedings to advance the arguments he now raises to challenge his sentence." *Id.* at 861.

Our analysis need go no further. Kelso's failure to show that any *Mathis*-based argument was unavailable at the time he first pursued relief under § 2255 in the Eastern District of Tennessee means he is ineligible for savings clause relief.

In closing, we add only that Kelso's reliance on *Mathis* as a basis for relief from his federal sentence is misplaced. Kelso's argument on the merits—that Alabama's definition of cocaine is overbroad in relation to the federal definition—sounds in this court's decision in *United States v. Ruth*, 966 F.3d 642 (7th Cir. 2020), not in the Supreme Court's *Mathis* decision. And as we explained in *Ruth*, "we apply the *Taylor* categorical approach" to determine whether a federal defendant's prior state conviction is a strike under § 841. *Ruth*, 966 F.3d at 646. So, *Mathis* aside, Kelso could have made a *Ruth*-like argument in the district court, on direct appeal, or in his first § 2255 motion based solely on Supreme Court precedent as understood at the time of those proceedings. See *Taylor v. United States*, 495 U.S. 575 (1990). He cannot invoke *Mathis* for a belated opportunity to make the argument now.

For these reasons, we AFFIRM.